UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN L. SIMMONS,

        Petitioner,

                                                                        Case No. 17-cv-11771

v.

                                                                        HON. MARK A. GOLDSMITH

J.A. TERRIS,

        Respondent.
_____/

**OPINION & ORDER**
**SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS BROUGHT**
**PURSUANT TO 28 U.S.C. § 2241**

Petitioner Alan L. Simmons, currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1), challenging his sentence for conspiracy, 18 U.S.C. § 371; armed bank robbery, 18 U.S.C. §§ 2113(a), (d); and use of a firearm during a crime of violence, 18 U.S.C. § 924(c). For the reasons stated below, the Court summarily denies the petition.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the United States District Court for the Eastern District of Wisconsin. Petitioner was sentenced to 60 months on the conspiracy count and 96 months on the armed robbery charge, to be served concurrently to one another. Petitioner was sentenced to 84 months on the use of a firearm count, which was to be served consecutively to the other sentences, so that Petitioner's total sentence in the aggregate amounted to 180 months.

Petitioner's conviction and sentence were affirmed on appeal. United States v. Simmons, 581 F.3d 582, 586 (7th Cir. 2009), cert. denied, 559 U.S. 1080 (2010).

Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. 2255, which was denied. Simmons v. United States, No. 07-CR-30, 2011 WL 1527062 (E.D. Wis. Apr. 20, 2011).

Petitioner has been denied permission twice by the Seventh Circuit to file a second motion to vacate sentence. Simmons v. United States, No. 13-1763 (7th Cir. Apr. 25, 2013); Simmons v. United States, No. 16-2630 (7th Cir. July 21, 2016).

Petitioner seeks a writ of habeas corpus on the following ground:

> i. "When sentencing petitioner under [the] consecutive mandatory sentencing statute, 18 U.S.C. § 924(c), the sentencing court was unaware it could exercise its discretion and impose [a] lesser sentence on [the] Bank Robbery conviction."

Pet. at 5.

## II. ANALYSIS

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit has indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F. 3d 134, 140 (6th Cir. 1970). A district court, therefore, has the duty to screen out any habeas corpus petition that lacks merit on its face. Id. at 141.

No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. Id. District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. See, e.g., Perez, 157 F. Supp. 2d at 796. The petition in this case is subject to summary dismissal because it is facially insufficient to grant habeas relief. See Alexander v. N. Bureau of Prisons, 419 F. App'x. 544, 545 (6th Cir. 2011).

Petitioner claims that he is entitled to re-sentencing because the judge at the time of sentencing did not recognize that she could exercise her discretion and consider the consecutive mandatory minimum 84-month sentence imposed on the use of a firearm during a crime of violence conviction when she fashioned his sentence on the bank robbery conviction (and presumably on the conspiracy conviction as well). In support of his claim, Petitioner relies on the recent case of Dean v. United States, 137 S. Ct. 1170, 1176-1177 (2017), in which the Supreme Court held that 18 U.S.C. § 924(c) does not restrict a sentencing court from considering the sentence imposed under § 924(c) when calculating a fair sentence for the predicate count or counts. Petitioner asks this Court to grant habeas and order a re-sentencing on the bank robbery conviction.

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. See Wooten v. Cauley, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. See Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded

3

under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. In re Gregory, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. Cauley, 677 F.3d at 303; Chandler, 180 F.3d at 756.

Until recently, a federal prisoner could not raise a challenge to his or her sentence under 28 U.S.C. § 2241. See Gibbs v. United States, 655 F.3d 473, 479 (6th Cir.2011); see also United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where habeas petitioners "do not argue innocence but instead challenge their sentences" because "[c]ourts have generally declined to collaterally review sentences that fall within the statutory maximum").

The Sixth Circuit, however, recently modified this rule. In Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime pre-United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." Id. at 599-600.

Petitioner is unable to challenge his sentence in a § 2241 habeas petition because his case does not fall within the exception under Hill to come within the savings clause of § 2255 for three reasons.

First, Petitioner was not sentenced until May 12, 2008, after the Supreme Court held in Booker that the sentencing guidelines were not mandatory but only advisory. Because Petitioner was not sentenced under the pre-Booker mandatory guidelines regime, he cannot use § 2241 to challenge the judge's sentence.

Second, there is nothing in the Supreme Court's opinion in Dean to suggest that the holding is to be applied retroactively to cases on collateral review.

Third, the Sixth Circuit in Hill expressly limited its holding to a federal prisoner who sought to challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause where a retroactive change in statutory interpretation by the Supreme Court indicated that a petitioner's previous conviction could not be used as predicate offense for a career-offender enhancement. Petitioner does not challenge any sentence enhancement as a career offender but merely the judge's failure to consider Petitioner's mandatory consecutive sentence § 924(c) when crafting his sentence on the bank robbery conviction.

Petitioner's claim does not come within Hill's limited exception for bringing a § 2241 habeas petition to challenge his sentence because his sentence was imposed after Booker made the sentencing guidelines advisory rather than mandatory, and because he relies on a Supreme Court case that does not address the issue of sentencing enhancements for career offenders. Petitioner's claim does not come within the savings clause of § 2255 and, thus, he cannot challenge his sentence in a habeas petition. See Sandoval v. Sepanek, No. CV 16-162-KKC, 2017 WL 2485223, at *2 (E.D. Ky. June 8, 2017).

## III. CONCLUSION

For the reasons stated above, the Court summarily denies the petition (Dkt. 1). Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, see Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

SO ORDERED.

Dated: July 17, 2017  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2017.

s/Karri Sandusky  
Case Manager