**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALAN L. SIMMONS,

        Petitioner,

v.                                  Case No. 17-cv-11771

                                HONORABLE MARK A. GOLDSMITH

J.A. TERRIS,

        Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT (Dkt. 5)

Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which this Court summarily denied. Simmons v. Terris, No. 17-CV-11771, 2017 WL 3017536 (E.D. Mich. July 17, 2017). Before the Court is Petitioner's motion to alter or to amend judgment. For the reasons that follow, the motion is denied.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may be properly analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); E.D. Mich. L.R. 7.1(h). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration will only be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and shows that correcting the defect will lead to a different disposition of the case. Id.

In his original habeas petition, Petitioner argued that he is entitled to re-sentencing because the judge failed to recognize that she could exercise her discretion and take into account the consecutive mandatory-minimum eighty-four month sentence imposed on the use of a firearm during a crime of violence conviction when she fashioned his sentence on the bank robbery conviction, and presumably on the conspiracy conviction as well. Petitioner relied on the Supreme Court case of Dean v. United States, 137 S. Ct. 1170, 1176-77 (2017).

This Court summarily denied the petition. The Court ruled that Petitioner's case did not come within the exception under Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), for challenging his sentence in a § 2241 habeas petition, for several reasons. First, petitioner was not sentenced under the pre-Booker mandatory guidelines regime; thus, he could not use § 2241 to challenge the judge's sentence. Second, the Supreme Court did not indicate in Dean that that the holding was retroactive to cases on collateral review. Finally, in Hill, the Sixth Circuit expressly limited its holding to a federal prisoner who sought to challenge his or her sentencing enhancement as a career offender under § 2241 through the § 2255(e) savings clause where a retroactive change in statutory interpretation by the Supreme Court indicated that a petitioner's previous conviction could not be used as predicate offense for a career-offender enhancement. Petitioner did not challenge any sentence enhancement as a career offender.

In his present motion, Petitioner claims that "exceptional circumstances" permit him to seek habeas relief from his sentence. Petitioner also argues that Dean should be applied retroactively to his case. Petitioner again argues that his current sentence is illegal. These issues were already presented to the Court, and denied.

Petitioner's motion to alter or to amend judgment is denied, because Petitioner is merely presenting issues that were already ruled upon by this Court, either expressly or by reasonable implication. See E.D. Mich. L.R. 7.1(h).

Based upon the foregoing, the motion to alter or to amend judgment (Dkt. 5) is denied.

SO ORDERED.

Dated: February 27, 2018　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2018.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager